JjDECUIR, Judge.
Vernell and Rose Mary Ardoin appeal a judgment of the trial court finding that the State of Louisiana, through the Department of Transportation and Development, was not responsible for flooding on their property. We affirm.
FACTS
The Ardoins live in a flood plain in Evangeline Parish. The area in which they live is a huge watershed notorious for flooding. Louisiana Hwy. 13 runs through the northeastern portion of the watershed in a north and south direction. The Ardoins’ home is downstream of a coulee that passes under the highway.
In the early 1990’s, DOTD completed a project to refurbish the highway. Part of that project involved reducing the size of the passageway for the coulee to pass under the highway from 350 square feet to 150.8 square feet. There is no evidence thatfrthis did not meet current standards. Under normal circumstances, this reduction in the passageway constricts the flow of water down the coulee toward the Ardoins’ property.
In April, 1995 the flood plain in which the Ardoins live received at least one rain of 10”-13” which caused the water to rise sufficiently to flood the Ardoins’ home. The Ardoins presented several lay witnesses to testify that the home had never flooded before as far back as 1954. However, despite the fact that a home was burned and rebuilt on the site, the Ardoins produced no evidence regarding the elevation of the respective homes. In any event, the home had not flooded in the twenty years the Ardoins inhabited the home.
The case then deteriorated into a battle of experts. DOTD’s expert opined that the narrowing of the passageway actually reduces flooding on the Ardoin property since they live downstream from the passageway. The Ardoins’ expert concurred that such was the case under normal circumstances. However, it was his opinion that under extreme circumstances of excessive flooding the water in the coulee could go back upstream if the downstream water level was higher than the *690 upstream water level, in which ease the passageway would reduce the backflow off the Ardoin property. DOTD’s expert acknowledged that this theory was plausible. However, he noted that if that circumstance presented itself the original 350 square foot passageway would not have been sufficient to alleviate the problem.
No evidence was presented by the Ardoins to prove that this circumstance actually developed when their home flooded. Likewise, the Ardoins did not introduce evidence to show that the larger opening would have prevented the flooding of their property. The trial judge concluded that the Ardoins failed to prove that DOTD was responsible for the flooding of their property. The Ar-doins lodged this appeal.
laLAW AND DISCUSSION
A court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Where the testimony of expert witnesses differ, it is the responsibility of the trier of fact to determine which evidence is the most credible. Theriot v. Lasseigne, 93-2661 (La.7/5/94); 640 So.2d 1305. The reviewing court must always keep in mind that if the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
We have reviewed the record before us and find no manifest error on the part of the trial court. The Ardoins simply failed to prove their case. Demonstrating that the land had never flooded before and introducing a theory about water flowing upstream was simply not sufficient to convince the trial court that DOTD is responsible for flooding of property located in a flood plain. We are likewise unconvinced. The trial court’s ruling is not manifestly erroneous.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellants, Vernell and Rose Mary Ardoin.
AFFIRMED.